IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-00396-WYD-MJW

WENDY GUNDESTAFF,

    Plaintiff,

v.

US AIRWAYS, INC., a Delaware corporation; and
JOHN DOE,

    Defendants.

## ORDER OF REMAND

THIS MATTER is before the Court on review of the Notice of Removal filed by Defendant on February 25, 2009. By way of background, I note that this is a personal injury case involving a collision between a luggage tractor driven by Plaintiff and a luggage tractor driving by Defendant John Doe, which allegedly belonged to Defendant US Airways, Inc. Defendant US Airways' Notice of Removal asserts that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a). Defendant asserts therein that the amount in controversy requirement is satisfied. Further, Defendant asserts that Plaintiff is a resident of the State of Colorado, Defendant US Airways in a Delaware corporation with its principal place of business in Arizona, and Defendant John Doe has not been identified. Thus, it contend that complete diversity of citizenship exists in this case.

After carefully reviewing the pleadings, I find that this case must be remanded

based on the failure of Defendant US Airways to show that the amount in controversy is satisfied. The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). If the jurisdictional amount is not shown by the allegations of the complaint, "[t]he burden is on the party requesting removal to set forth, in the notice of removal itself, the 'underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000].'" *Laughlin*, 50 F.3d at 873 (quotation omitted). In other words, the amount in controversy must be affirmatively established on the face of either the complaint or notice of removal. *Id*. The removal statute is construed narrowly. *Martin*, 251 F.3d at 1289.

In this case, the allegations of the complaint do not show that the amount in controversy exceeds $75,000, as required to establish diversity jurisdiction. 28 U.S.C. § 1332(a)(1). The complaint states that Plaintiff seeks damages for bodily injuries, rehabilitation, emotional distress, and pain and suffering, but does not affirmatively establish the specific amount of damages sought. Thus, there is no way to determine whether those items would satisfy the jurisdictional amount. Therefore, I turn to the Notice of Removal. The Notice of Removal merely references the civil cover sheet filed in state court contemporaneously with the complaint, which represents that the Plaintiff seeks a monetary judgment for more than $100,000.00, exclusive of interest and costs, and concludes that Plaintiff seeks damages in excess of $100,000. I find that the Notice of Removal's vague statements in connection with the amount in controversy and the

reference therein to the civil cover sheet filed in state court are not sufficient to establish that the jurisdictional amount is satisfied.  Further, a number of cases from this Court have held that reliance solely on the civil cover sheet filed in state court to establish the jurisdictional amount is insufficient, and I incorporate their reasoning herein.  *See Baker v. Sears Holding Corp.*, No. 07-cv-01106-MSK-MEH, 2007 WL 2908434, at * 3-4 (D. Colo. 2007);  *Ralph v. SNE Enterprises, Inc.*, No. 07-cv-01163-WDM-MJW, 2007 WL 1810534,25 at *1 (D. Colo. 2007); *Hardin v. Sentinel Ins. Co., Ltd.*, 490 F. Supp. 2d 1134, 1135-36 (D. Colo. 2007); *Bishelli v. State Farm Mut. Automobile Ins. Co.*, No. 07-cv-00385-WYD-MEH, 2007 WL 1455852, at *3 (D. Colo. 2007); *see also Dean v. Illinois Nat. Ins. Co.,* Civil Action No. 07-cv-01030-MSK-MJW (Order Remanding Action) (October 5, 2007).

I conclude that the amount in controversy has not been affirmatively established on the face of either the Complaint or the Notice of Removal as required by 28 U.S.C. § 1332(a)(1).  In finding that Defendant US Airways has not established the jurisdictional amount, I am guided by the strong presumption against removal of civil actions to federal court based on diversity jurisdiction.  Therefore, I find that the Court lacks subject matter jurisdiction over this action and I find that this matter must be remanded to the State Court.  *See* 28 U.S.C. § 1447(c).  It is hereby

ORDERED that the Clerk of Court shall **REMAND** this action to the District Court, County of Weld, State of Colorado, from which the case was removed.

March 6, 2009

                BY THE COURT:

                s/ Wiley Y. Daniel
                WILEY Y. DANIEL,
                CHIEF UNITED STATES DISTRICT JUDGE